FILED
2025 JAN 21 PM 1:37
CLERK
U.S. DISTRICT COURT

TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
BRIAN WILLIAMS, Assistant United States Attorney (#10779)
JENNIFER E. GULLY, Assistant United States Attorney (#15453)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH JOSEPH EVANS,<br>a/k/a "The Bull,"<br><br>Defendant. | FELONY INFORMATION<br><br>COUNT 1: 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Securities Fraud)<br><br>COUNT 2: 18 U.S.C. § 1957 (Money Laundering)<br><br>**Case: 2:25−cr−00012**<br>**Assigned To : Campbell, Tena**<br>**Assign. Date : 1/21/2025**<br>**Description: USA v. Evans** |

The United States Attorney alleges:

**I.   Background**

At all times relevant to this Felony Information:

1. Defendant JEREMIAH JOSEPH EVANS ("EVANS") was a resident of Utah County, Utah.

2. Defendant EVANS was the owner of ALPHA INFLUENCE, LLC ("ALPHA INFLUENCE"), a Utah company registered with the Utah Division of Corporations on or about July 22, 2019.

1

3. Neither EVANS nor ALPHA INFLUENCE was licensed to offer or sell securities.

## II.     The Scheme and Artifice to Defraud

4. Beginning in or around July 2019, and continuing to in or around July 2022, within the District of Utah and elsewhere,

**JEREMIAH JOSEPH EVANS,**

defendant herein, devised and intended to devise a scheme and artifice to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts.

5. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, Defendant EVANS knowingly offered and attempted to offer securities, that is, an investment contract through his company ALPHA INFLUENCE for "Alpha Automated Stores" in the general amounts of $30,000 to $40,000 per investor, and by the use of means and instruments of transportation and communication in interstate commerce, that is wire communications, directly and indirectly, and did willfully (1) employ a device, scheme, and artifice to defraud; (2) make or cause to be made untrue statements of material facts and omit to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engage in acts, transactions, practices, and courses of business that would operate and did operate as a fraud and deceit upon other persons, in violation of 15 U.S.C. § 78j(b), 15 U.S.C. § 78ff, and 17 C.F.R. § 240.10b-5 (Securities Fraud).

## III.     Object of the Scheme and Artifice to Defraud

6. It was the object of the scheme and artifice to defraud for Defendant EVANS to obtain money from investors through false statements, misrepresentations, deception, and omissions of

material facts. During the course and scope of the scheme, approximately $20,894,674.00 was wired or otherwise sent to accounts held in the name of ALPHA INFLUENCE and controlled by Defendant EVANS by approximately 530 victims.

### IV.     Manner and Means of the Scheme and Artifice to Defraud

7.  In execution and furtherance of the scheme and artifice to defraud, Defendant EVANS made or caused to be made one or more of the following false statements and fraudulent representations and omissions of material facts to investor victims:

   a. That ALPHA INFLUENCE had been operating successfully for years, when it had not;

   b. That the investment would generate consistent, predictable monthly returns, when it did not;

   c. That investment principal would be recouped within 12 to 18 months, when it was not;

   d. That the investment would earn an average of 7%-10% return on investment per month in profit after expenses, when it did not;

   e. That ALPHA INFLUENCE and Defendant EVANS had connections with high-ranking Amazon staff at Amazon's corporate headquarters in Seattle, Washington who were readily accessible to solve problems that might arise with the ALPHA INFLUENCE investment, when he did not;

   f. That initial investor funds would be used to open an Amazon store through ALPHA INFLUENCE for investors, when only a fraction of investor funds was used for this purpose;

   g. That ALPHA INFLUENCE employed a legal team to assist with resolving issues for individual investors, when it did not;

   h. Failed to disclose to individual investors that ALPHA INFLUENCE, at the direction of Defendant EVANS, outsourced the operation of Amazon stores to a third-party vendor;

   i. Failed to disclose that screenshots produced and published by ALPHA INFLUENCE for Amazon stores reported to be successful were not ALPHA INFLUENCE stores;

j. Failed to disclose that ALPHA INFLUENCE was unable to resolve store suspensions and could not get many stores operational after they were shut down for violation of Amazon policies; and

k. Failed to disclose that several testimonials provided in support of ALPHA INFLUENCE and the success of the investment offered were made by relatives of Defendant EVANS or others who received commissions from investor proceeds from the sale of the ALPHA INFLUENCE investment.

## COUNT 1
### 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5
### (Securities Fraud)

8. The allegations set forth above and all counts set forth in this Felony Information are incorporated herein by reference and realleged as though fully set forth herein.

9. Beginning in or around July 2019 and continuing to in or around July 2022, within the District of Utah and elsewhere,

**JEREMIAH JOSEPH EVANS**

defendant herein, willfully, knowingly, and with intent to defraud, in the purchase and sale of securities, that is, investment contracts with individual investors offered through his company ALPHA INFLUENCE, and by the use of means and instruments of transportation and communication in interstate commerce, that is wire communications, directly and indirectly, did (1) employ a device, scheme, and artifice to defraud; (2) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engage in acts, transactions, practices, and courses of business that would operate and did operate as a fraud and deceit upon other persons, as more particularly described for each count below:

| COUNT | DATE (on or about) | USE OF INTERSTATE MEANS |
|---|---|---|
| 1 | 3/18/2022 | Wire transfer of $40,000 from investor J.C. to ALPHA INFLUENCE's JP Morgan Chase Bank account ending in xxx7370 |

4

All in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5.

## COUNT 2
## 18 U.S.C. § 1957
### (Money Laundering-Spending Statute)

10. The allegations set forth above and all counts set forth in this Felony Information are incorporated herein by reference and realleged as though fully set forth herein.

11. On or about the dates enumerated in each count below, within the District of Utah and elsewhere,

**JEREMIAH JOSEPH EVANS**

defendant herein, did knowingly engage and attempt to engage in the following monetary transaction in criminally derived property of a value greater than $10,000.00, and were derived from the specified unlawful activity of Securities Fraud in instances including but not limited to each count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 2 | 07/29/2021 | Defendant EVANS caused a wire transfer of $50,000 from ALPHA INFLUENCE JP Morgan Chase Bank account ending in xxx8396 to Salt Lake City Motorcars as a partial down payment for a white Lamborghini Huracan Evo. This wire was from the proceeds of Securities Fraud. |

All in violation of 18 U.S.C. § 1957.]

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, the defendant(s) shall forfeit to the United States of America any property, real or personal, that constitutes or is

derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).
- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendant(s) shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and
- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

                                                  TRINA A. HIGGINS
                                                  United States Attorney

                                                  */s/ Mark E. Woolf*
                                                  _____
                                                  MARK E. WOOLF
                                                  Assistant United States Attorney