FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

JAN 2 3 2025

GARY P. SEDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
BRIAN WILLIAMS, Assistant United States Attorney (#10779)
JENNIFER E. GULLY, Assistant United States Attorney (#15453)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMIAH JOSEPH EVANS <br> a/k/a "The Bull," <br><br> Defendant. | Case No. 2:25-cr-00012-TC <br><br> STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) <br><br> Judge Tena Campbell |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.  As part of this agreement with the United States of America, I intend to plead guilty to Counts 1 and 2 of the Felony Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove to convict me.

The elements of Count 1, Securities Fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, are:

First:    In connection with the purchase or sale of a security, the defendant did one or more of the following:

       1) employed a device, scheme, or artifice to defraud;

       2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

       3) engaged in acts, transactions, practices, and courses of business which would operate and did operate as a fraud and deceit upon other persons.

Second: The defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the mails in furtherance of the fraudulent conduct; and

Third: The defendant acted willfully, knowingly, and with the intent to defraud.

The elements of Count 2, Money Laundering in violation of 18 U.S.C. § 1957, are that the defendant:

    (1) engaged or attempted to engage;

    (2) in a monetary transaction;

    (3) in criminally derived property of a value greater than $10,000;

    (4) knowing that the property is derived from unlawful activity; and

    (5) the property is, in fact, derived from specified unlawful activity.

    2. I know that the maximum possible penalty provided by law for Count 1 of the Felony Information, a violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, is a term of imprisonment of 10 years, a fine of $5,000,000, a term of supervised release of up to three (3) years, and any applicable forfeiture. I know that the maximum possible penalty provided by law for Count 2 of the Felony Information, a violation of 18 U.S.C. § 1957, is a term of imprisonment of up to 10 years or a fine of up to $250,000, or, alternatively, a fine of not more than twice the amount of the criminally derived property involved in the transaction, a term of supervised release of up to three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

Furthermore, restitution to the victims of my offenses shall be ordered pursuant to 18 U.S.C. § 3663A.

  b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

 3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

 4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

 5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

 6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  a. I have a right to the assistance of counsel at every stage of the proceeding.

  b. I have a right to see and observe the witnesses who testify against me.

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h. It requires a unanimous verdict of a jury to convict me.

  i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

  a. Beginning in or around July 2019 and continuing to in or around July 2022, within the District of Utah and elsewhere, I willfully and knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises and omissions of material facts. As part of my scheme and artifice to defraud, I offered or attempted to offer securities, that is, an investment through my company ALPHA INFLUENCE LLC, for "Alpha Automated Stores" through materially false representations and promises to investors to secure money in exchange for the ALPHA investment. During the course and scope of my scheme and artifice to

defraud, I obtained approximately $20,894,674 from approximately 530 investors.

b. As part of my scheme and artifice to defraud, I solicited or caused to be solicited investments from individual investors through means or instruments of transportation or communication in interstate commerce or the mails, to include, without limitation, a coordinated online social media campaign and other investments offerings through telephone, email, and in-person offerings in my ALPHA investment scheme. During the course of the scheme and artifice to defraud, I admit that I made or caused to be made each of the false and fraudulent representations of material fact and omissions of material facts with the willful intent to defraud investors, as set forth in the Felony Information to which I am pleading at paragraph 7 and each subpart thereof, to include:

   i. That my company ALPHA INFLUENCE LLC had been operating successfully for years, when I knew that it had not;

   ii. That the ALPHA INFLUENCE investment would generate consistent, predictable monthly returns when I knew that it did not;

   iii. That investment principal would be recouped within 12 to 18 months when I knew that it would not;

   iv. That the ALPHA INFLUENCE investment would earn an average of 7%-10% return on investment per month in profit after expenses when I knew that it did not;

   v. That I, through my company ALPHA INFLUENCE LLC, had connection with high-ranking staff in Amazon's corporate headquarters in Seattle, Washington, who were readily accessible to resolve problems that might arise with the ALPHA INFLUENCE investment when I knew I did not.

   vi. That initial investor funds would be used to open an Amazon store through ALPHA INFLUENCE for investors when I knew that only a fraction of investor funds were used for this purpose.

      vii. That my company ALPHA INFLUENCE LLC employed a legal team to be deployed on behalf of investors to resolve issues with their individuals stores when I knew my company did not.

      viii. That I failed to disclose to investors that ALPHA INFLUENCE LLC outsourced the creation and operation of Amazon stores to a third-party vendor.

      ix. That I failed to disclose that screenshots produced and published by myself and ALPHA INFLUENCE LLC for seemingly successful Amazon stores were not stores operated or managed by ALPHA INFLUENCE LLC.

      x. That I failed to disclose that ALPHA INFLUENCE LLC was unable to resolve stores' suspensions and could not get the stores of several investors operational after they were shut down for violation of Amazon's company policies.

      xi. That I failed to disclose to investors that several testimonials published and provided in support of the ALPHA INFLUENCE investment and the success thereof were made by my own relatives and/or others who received commissions paid from investor proceeds from the sale of the ALPHA INFLUENCE investment.

c. As part of my scheme and artifice to defraud, and as part of the purchase and sale of securities through my company ALPHA INFLUENCE LLC, on or about March 18, 2022, I caused investor J.C. to transfer by wire $40,000 to ALPHA INFLUENCE LLC's JP Morgan Chase Bank account ending in xxx7370.

d. I admit that I engaged in a monetary transaction involving criminally derived proceeds of a value greater than $10,000 knowing that the property was derived from unlawful activity and admit the property was, in fact, derived from a specified unlawful activity, to wit, Securities Fraud, when, on July 29, 2021, I caused a wire transfer of $50,000 from ALPHA INFLUENCE LLC's JP Morgan Chase bank account ending in xxx8396 to Salt Lake City Motorcars as a partial down payment for a white Lamborghini Huracan Evo.

I admit that my conduct violated 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5. I further admit that my conduct violated 18 U.S.C. § 1957.

   12.   The only terms and conditions pertaining to this plea agreement between the United States and me are as follows:

   a. **Guilty Plea.** I will plead guilty to Counts 1 and 2 of the Felony Information.

   b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be within a range of 60 to 96 months of imprisonment, which I agree is a reasonable sentence.

   (1)   I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

   (2)   If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence that different from the agreed upon sentencing range of 60 to 96 months of imprisonment will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than the agreed range of 60 to 96 months of imprisonment, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

   c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

   d. **Appeal Waiver.**

   (1)   Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I

may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

f. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charges to which I am pleading guilty that gave rise to this plea agreement. My attorney has explained what mandatory restitution means. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

g. **Forfeiture.**

(1) I agree to the entry of a forfeiture money judgment in an amount to be determined. The property that facilitated, was involved in, or that I obtained from my offense is not available for forfeiture because of my acts or omissions. I agree that such property: 1) cannot be located upon the exercise of due diligence; 2) has been transferred or sold to, or deposited with, a third party; 3) has been placed beyond the court's jurisdiction; or 4) has been commingled with other property which cannot be divided without difficulty as provided by 21 U.S.C. § 853(p). Payments toward the forfeiture money judgment shall be made to: United States Marshals Service, ATTN: Asset Forfeiture Coordinator, 333 Lomas Blvd NW Suite 180, Albuquerque, New Mexico 87102.

(2) I consent to entry of any orders, judgments, or declarations of forfeiture regarding the forfeiture and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(3) I waive any claims I may have against the government, its officers, employees, and agents regarding the forfeiture.

(4) I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

1. I am __27__ years of age. My education consists of __Two years college__ _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this __23rd__ day of January, 2025.

_____
JEREMIAH JOSEPH EVANS
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23rd day of January, 2025.

_____
ADAM CRAYK
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 23rd day of January, 2025.

TRINA A. HIGGINS
United States Attorney

_____
MARK E. WOOLF
Assistant United States Attorney